COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



|  |  |  |
|---|---|---|
| MICHAEL JUDE LAREDO, | § | No. 08-13-00073-CR |
|  | § |  |
| Appellant, | § | Appeal from the |
|  | § |  |
| v. | § | County Court at Law No. 4 |
|  | § |  |
| THE STATE OF TEXAS, | § | of El Paso County, Texas |
|  | § |  |
| Appellee. | § | (TC# 20110C10680) |
|  | § |  |

# **O P I N I O N**

Appellant Michael Jude Laredo seeks reversal of his conviction for violation of a protective order, arguing that the evidence underpinning the jury's verdict was legally insufficient. We affirm.

## BACKGROUND

In late October 2011, Ashley Garner obtained a protective order prohibiting Appellant from coming within 200 yards of Garner's or her family members' residence or place of employment. On November 1,[1] Appellant knocked on the door of Garner's residence in an

---

[1] When the prosecutor asked Ashley Garner if the events occurred "[o]n or about November 20th," Garner answered yes. On cross-examination, she clarified the events took place on November 1. Her brother also testified the events happened on November 1. The information alleged that this incident occurred "on or about the 20th day of November[.]" "When an indictment alleges that an offense occurred 'on or about' a certain date, the State is not bound by the date alleged and may prove within the period covered by the applicable statute of limitations any

attempt to speak with her. Garner's brother Wilbert testified that he answered the door and saw Appellant standing in front of the house. Appellant asked to speak with Ashley. Wilbert told Appellant that he should not be at the house and said he would call the police. Appellant said, "I don't care. I'm already going to go to jail."

Following trial, the jury found Appellant guilty of violating the protective order and the trial court entered a judgment of conviction, sentencing him to 365 days in jail and assessing a $1,000 fine.

## DISCUSSION

In his sole appellate issue, Appellant contends that the trial evidence was legally insufficient to prove beyond a reasonable doubt that he had knowledge of the protective order at issue. We disagree.

### *Standard of Review*

In reviewing a criminal conviction for legal sufficiency, we must determine if, considering all properly and improperly admitted record evidence in the light most favorable to the verdict, the jury was "rationally justified in finding guilt beyond a reasonable doubt." *Brooks v. State*, 323 S.W.3d 893, 899 (Tex.Crim.App. 2010); *see also Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). "Each fact need not point directly and independently to the guilt of the appellant, as long as the cumulative force of all the incriminating circumstances is sufficient to support the conviction." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007). "Circumstantial evidence is as probative as direct evidence in establishing the guilt of an actor, and circumstantial evidence alone can be sufficient to establish guilt." *Id*.

---

offense of the character alleged." *Fernandez v. State*, No. 08-10-00263-CR, 2012 WL 3740543, at *3 (Tex.App.--El Paso Aug. 29, 2012, pet. ref'd)(not designated for publication).

*Analysis*

"A person commits an offense if, in violation of an order issued under Chapter 7A, Code of Criminal Procedure, the person knowingly . . . goes to or near the residence . . . of the applicant or any member of the applicant's family or household[.]" TEX.PENAL CODE ANN. § 38.112 (West Supp. 2014). Appellant does not dispute the existence of the protective order but instead argues the State could not establish his knowledge of its existence. However, based on the record evidence, the jury could rationally draw a conclusion that Appellant had knowledge of the protective order from one of two sources.

First, the jury could conclude that Appellant knew about the order because the order itself states the trial judge served the order on Appellant in open court. "[A] reviewing court, absent evidence to the contrary, is required to indulge every presumption in favor of the regularity of the documents in the lower court." *Aragon v. State*, No. 08-05-00350-CR, 2008 WL 467446, at *3 (Tex.App.--El Paso Feb. 21, 2008, no pet.)(not designated for publication). "The defendant has the burden to provide evidence sufficient to overcome the presumption of the formal judgment's regularity." *Id.* In this case, Appellant points to his lack of a signature on the protective order as proof that despite the recitations contained therein, Appellant was not present at the protective order hearing and thus had no knowledge of the order. However, this discrepancy is not enough to overcome the presumption of regularity absent other affirmative evidence. *See id.* (defendant's allegation that he could not remember if he was represented by counsel at a hearing coupled with the absence of counsel's signature on a document unable to overcome presumption that order stating counsel was present at the hearing was correct). Because there is no affirmative evidence casting doubt on the validity of the trial court's recitation that Appellant was present at the hearing, the jury was free to take the judgment at face

3

value and consider that as evidence of knowledge.

Second, apart from the court documents, Wilbert Garner testified that after he told Appellant he was not supposed to be at the house, Appellant responded that he did not care because he knew he would be going back to jail anyway. Assuming that the jury found Wilbert Garner's testimony credible, the jury could have reasonably believed that Appellant's statements reflected both his understanding that he was subject to a protective order and his knowing or intentional decision to violate that order. Appellant's sole point is without merit.

Issue One is overruled. The judgment of the trial court is affirmed.


                                        YVONNE T. RODRIGUEZ, Justice

January 14, 2015

Before McClure, C.J., Rodriguez, J., and Barajas, C.J. (Senior Judge)
Barajas, C.J. (Senior Judge), sitting by assignment

(Do Not Publish)

4